IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA ANN SHRUM,                          )
                                         )
              Plaintiff,                  )
                                         )
       -vs-                               )          Civil Action No.  14-370
                                         )
CAROLYN W. COLVIN,                       )
COMMISSIONER OF SOCIAL SECURITY,         )
                                         )
              Defendant.                  )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 8 and 10).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting in part and denying in part Plaintiff's Motion for Summary Judgment (ECF No. 7) and denying Defendant's Motion for Summary Judgment. (ECF No. 9).

## I.      BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act").  Plaintiff filed her applications alleging she had been disabled since November 30, 2007.  (ECF No. 6-5, p. 12).  Administrative Law Judge ("ALJ"), Charles Pankow, held a hearing on November 19, 2009.  (ECF No. 6-2, pp. 30-58).  On March 25, 2010, the ALJ found that Plaintiff was not disabled under the Act.  (ECF No. 6-2, pp. 14-29).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court.  The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 7 and 9).  The issues are now ripe for review.

## II.    LEGAL ANALYSIS

### A.    Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Residual Functional Capacity ("RFC")[1]

In determining Plaintiff's RFC,[2] Plaintiff first asserts that the ALJ erred in rejecting, without explanation, the opinions of the consultative psychological examiner, Chantal Deines, Psy. D. (ECF No. 8, pp. 8-16). Specifically, Plaintiff submits that the ALJ discredited portions of Dr. Deines' opinion regarding work pressures because it was "'inconsistent with her own findings, the clinical findings of record, and with other substantial evidence.'" (ECF No. 8, p. 12, *quoting,* ECF No. 6-2, p. 19). Plaintiff argues, however, that the ALJ did not explain these explanations and without the explanations the court is unable to make a proper review. (ECF No. 8, pp. 11-16). Therefore, Plaintiff submits that remand is necessary.

---

[1] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[2] The ALJ found that Plaintiff has the RFC to perform light work with certain modifications. (ECF No. 6-2, p. 20). Plaintiff cannot lift more than twenty pounds, cannot stand or walk more than 6 hours a workday, and cannot sit more than two hours a work day. *Id.* Additionally, Plaintiff is limited to simple, routine, repetitive tasks, occasional interaction with supervisors, coworkers, and the general public, and occupations which do not involve the handling, sale or preparation of alcoholic beverages or access to narcotic drugs. *Id.*

After a review of the evidence, I disagree. The reasons given by the ALJ are appropriate reasons for giving an opinion little weight. 20 C.F.R. § 416.927 (discussing the evaluation of medical opinions). Furthermore, I find the ALJ's determination is sufficient such that I can make a proper and meaningful review. Based on the record, I find the ALJ's opinion is supported by substantial evidence. (ECF No. 6-2, pp. 17-23). Consequently, I find remand is not warranted on this basis.

Plaintiff next asserts the ALJ erred in failing to appropriately explain his treatment of the medical opinion of Dr. Reynaldo Torio, M.D. and, in turn, erred in failing to include in the RFC all of her physical limitations found by Dr. Torio. (ECF No. 8, pp. 16-19). An ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008). With regard to the opinion of Dr. Torio, I agree with Plaintiff that the ALJ failed to go into any meaningful discussion as to the weighing of Dr. Torio's opinions.

Specifically, the ALJ only gave Dr. Torio's opinion some weight because he was a non-examining physician (so he did not have an opportunity to observe and hear Plaintiff) and he did not have all of the medical evidence submitted subsequent to his opinions. (ECF No. 6-2, p. 23). Upon review, however, I find these reasons are not borne out by the record. First, non-examining state agency physicians never have an opportunity to observe or hear from a plaintiff, yet their opinions still merit significant consideration. *See* SSR 96–6p.

Second, I am unsure and unable to discern what records regarding Plaintiff's physical health the ALJ felt Dr. Torio did not have to review subsequent to his opinion that would have impacted his opinion of Plaintiff's physical limitations. The ALJ simply made this conclusion without explaining to which evidence he was referring. *See,* ECF No. 6-2, p. 23). I note, an ALJ

4

is entitled to rely upon the findings of an agency evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012).

Third, the ALJ never discussed or explained why he apparently rejected the limitations regarding standing/walking for only 3 hours a day and only occasionally using ramps, climbing stairs and ladders and never climbing ropes or scaffolds. *See,* ECF No. 6-13, pp. 32-33. "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). Furthermore, other than Plaintiff's testimony, which was even more limiting than Dr. Torio's opinion, there is no other opinion evidence of record regarding Plaintiff's physical limitations. Thus, I find this reason for assigning only some weight to Dr. Torio's opinion to be tenuous.

Based on the above, I find that the ALJ's opinion regarding Dr. Torio is not supported by substantial evidence and I am unable to make a proper and meaningful review. Consequently, I am remanding for full and proper analysis of Plaintiff's physical limitations.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA ANN SHRUM,                              )
                                             )
                 Plaintiff,                  )
                                             )
        -vs-                                 )          Civil Action No.  14-370
                                             )
CAROLYN W. COLVIN,                           )
COMMISSIONER OF SOCIAL SECURITY,             )
                                             )
                 Defendant.                  )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 19th day of February, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 7) is granted in part and denied in part and Defendant's Motion for Summary Judgment (Docket No. 9) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/  Donetta W. Ambrose
     Donetta W. Ambrose
     United States Senior District Judge